BAERGA, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao denegatoria de inscripción de un expediente de dominio.

No. 491.—Resuelto en mayo 20, 1921.

EXPEDIENTES DE DOMINIO—JURISDICCIÓN PARA CONOCER DE EXPEDIENTES DE DOMINIO—CORTES DE DISTRITO.—La doctrina establecida en el caso de *Nazario* v. *El Registrador,* 16 D. P. R. 668, en cuanto a ser exclusiva la jurisdicción para conocer de expedientes de dominio, de las cortes de distrito del partido en que radiquen los bienes objeto de la información, no es contraria a la jurisprudencia establecida en el caso de *Solá* v. *El Registrador,* 8 D. P. R. 213, ni quedó afectada por la del caso de *Agenjo y Santiago et al.* v. *Santiago Rosa et al.,* 26 D. P. R. 713, pues en el primero se trataba de competencia sobre declaratoria de herederos y en el segundo de competencia para conceder autorización judicial para enajenar bienes de menores.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El Registrador recurrido. no comparessió.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 18 de octubre de 1920 Antonio Baerga, de estado casado, promovió expediente ante la Corte de Distrito de Guayama para acreditar el dominio a su favor de una finca rústica situada en el barrio de Matuyas del Municipio de Maunabo; y dicha corte por resolución de 28 de enero de 1921 declaró justificado el dominio pretendido ordenando su inscripción en el Registro de la Propiedad de Humacao y que se librara copia certificada de la resolución al peticionario para el uso de su derecho.

El Registrador de la Propiedad de Humacao denegó la inscripción por medio de nota de 11 de abril, 1921, que dice así:

"Denegada la inscripción  *  *  *  por aparecer de la orden expedida por la Corte de Distrito de Guayama que la finca cuyo dominio se ha declarado por dicha corte radica en el barrio Matuyas

del municipio de Maunabo, que pertenece al Distrito Judicial de Humacao, y por cuanto la única corte con jurisdicción para declarar el dominio de la finca aludida es la Corte de Distrito de Humacao, cuya jurisdicción es exclusiva, a tenor de lo preceptuado en el artículo 395 de la Ley Hipotecaria y lo resuelto por nuestro Tribunal Supremo en el caso de *Nazario* v. *El Registrador,* 16 D. P. R. 668.''

La calificación del Registrador de Humacao ha sido recurrida por Antonio Baerga para ante esta Corte Suprema y en apoyo de su revocación invoca nuestras decisiones en el caso de *Solá* v. *El Registrador de la Propiedad,* 8 D. P. R. 213 y de *Agenjo y Santiago et al.* v. *Santiago Rosa et al.,* 26 D. P. R. 713.

La doctrina establecida en el caso de *Solá* v. *El Registrador,* no se refiere a un caso análogo al presente pues en aquél se trataba de la inscripción de una declaratoria de herederos y en éste de la inscripción de un expediente de dominio; y respecto de las inscripciones de los expediente de dominio al resolver el caso de *Nazario* v. *El Registrador,* dejamos establecido ser exclusiva la jurisdicción conferida por el artículo 395 de la Ley Hipotecaria al Juez de Primera Instancia (hoy juez de distrito) del partido en que radiquen los bienes o al del en que esté la parte principal, si fuese una finca enclavada en varios partidos.

La anterior doctrina no ha sido afectada según alega el recurrente, por la decisión posterior de esta corte en el caso de *Agenjo y Santiago et al.* v. *Santiago Rosa et al.,* pues en dicho caso no se trataba de competencia para instruir expedientes de dominio sino de competencia para conceder autorización para la enajenación de bienes de menores.

Existiendo como existe en la Ley Hipotecaria un precepto especial que regula la competencia para la instrucción de los expedientes de dominio que es el artículo 395 que dejamos citado, a ese precepto hay que atenerse y no a los

preceptos del Código de Enjuiciamiento Civil reguladores de la materia de competencia en los casos comunes y ordinarios.

La misma Dirección General de los Registros de España en resolución de 11 de junio de 1908 fijando la jurisdicción para conocer de los expedientes posesorios, cuya jurisdicción se atribuye por la Ley Hipotecaria al Juzgado de Primera Instancia del partido (hoy juez del distrito) en que están situados los bienes y en ciertas condiciones al juzgado mucipal, corrobora la .doctrina establecida en el caso de *Nazario* v. *El Registrador,* cuya doctrina ratificamos.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf firmó ''Conforme con la sentencia.''